```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                                       :
BRYON ALFRED BENNETT,                  :
                                       :   Civil Action No. 09-5375 (MLC)
            Plaintiff,                 :
                                       :
       v.                              :   MEMORANDUM OPINION
                                       :
STATE OF NEW JERSEY, et al.,           :
                                       :
            Defendants.                :
                                       :
```

**APPEARANCES**:

Bryon Alfred Bennett, Plaintiff pro se
Northern State Prison, 168 Frontage Road, Newark, NJ 07114

**COOPER**, District Judge

Plaintiff, Bryon Alfred Bennett, a prisoner confined at Northern State Prison in Newark, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

28 U.S.C. § 1915 establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis. A prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of the inmate trust fund account statements for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain the certified statement from the appropriate official of each place of confinement. Id.

The prisoner, even if granted in forma pauperis status, must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1).[1]  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (dismissal of complaint in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought as to prison conditions). If the Court dismisses the complaint for any of these reasons, installment payments of the filing fee are not suspended and the

---

[1] Plaintiff applied for leave to proceed in forma pauperis using an out-of-date form that incorrectly stated that the filing fee is $150.  The filing fee is now $350.

prisoner does not get back the filing fee, or any part of it, that has already been paid.

A prisoner who has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, cannot bring another action in forma pauperis unless that prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff here failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  Specifically, he submitted uncertified account statements that did not encompass the six-month period immediately preceding the submission of the complaint.  See, e.g., Tyson v. Youth Ventures, 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

The allegations of the complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the

complaint or assessing a filing fee.  Plaintiff will be granted leave to move to reopen within thirty days.[2]

An appropriate order will be entered.

                                                    s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge

Dated:  January 15, 2010

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995).